SILAS H. McALPINE *vs.* NATHANIEL L. SMITH.

Cumberland. Decided September 24, 1878.

*Abatement.*

A writ in the supreme judicial court returnable at a term after an intervening term, at which it might have been returnable, is voidable and may be abated on motion seasonably filed.

ON EXCEPTIONS, at the April term, 1878.

ASSUMPSIT against the maker, on an unwitnessed promissory note, dated December 14, 1870, payable one year after its date ; *ad damnum* $600. The defendant was described as resident of Cornville, county of Somerset ; plaintiff, of Portland, county of Cumberland. The writ was dated December 13, 1877, returnable at this court for Cumberland county at the April term, 1878, was served on the defendant, March 23, 1878, and entered on the first day of this April term.

The defendant by attorney appeared generally, and on the second day of the term filed the following motion :

" And now said defendant moves that said case be dismissed, because the writ, as it appears upon its face, is dated on the thirteenth day of December, A. D. 1877, and is made returnable at this term of this court, when it should have been made returnable at the term of this court held in and for the county of Cumberland, on the second Tuesday of January, A. D. 1878, and is not legally returnable at this term of this court."

On a subsequent day, a hearing on the motion to dismiss was had, and the motion was sustained. The plaintiff alleged exceptions.

*G. W. Verrill,* for the plaintiff, contended that the motion, not being to the jurisdiction, was not in order after a general appearance and answer to the action ; that it was defective, should have been a plea in abatement with affidavit that the plaintiff could have made service of writ in season for the January term, 1878 ; that the provisions in the acts creating the superior courts of Cumberland and Kennebec counties, providing in one of the acts that the actions shall be returnable at one of the three next terms, and in the other at one of the two next terms begun and held after the commencement of such actions, were not the grant of a new right, but the application of the old rights to the new courts ; at any rate, they would sanction the same right in a court of more general jurisdiction.

Counsel cited as to the motion, *Fox* v. *Money,* Bos. & Pul. 250. Anon, 1 Chitty, 129. *Young* v. *Wilson,* 5 Taun. 664.

*H. & W. J. Knowlton,* for the defendant.

APPLETON, C. J. The writ is dated December 13, 1877, and is made returnable at the April term of this court, one term intervening between the date and the return day at which it might and should have been returnable.

On the second day of the term, the defendant filed a motion to dismiss because the writ was made returnable at the April term, when it should have been made returnable at the intervening January term of this court.

The motion was sustained, and the action dismissed, and to the dismissal the defendant filed exceptions.

A writ returnable upon a day out of term is voidable. *Wood* v. *Hill,* 5 N. H. 229. When a term or more intervened between the teste and the return of the writ, it was held a mere nullity. *Bunn* v. *Thomas,* 2 Johns. 190, cited approvingly in *Ames* v. *Weston,* 16 Maine, 266. In *Kelly* v. *Gilman,* 29 N. H. 385, it is assumed as unquestionable law, that a writ made returnable after an intervening term is voidable. Such has been the uniformly recognized law of this state in accordance with the forms of process in use. St. 1821, c. 63.

If one term can be passed over, it is difficult to perceive why more

than one may not be, at the option of the plaintiff. The difference in the superior courts for Cumberland and Kennebec counties is the result of special legislation. C. 151, § 6, Stat. of 1868. C. 10, § 6, Stat. 1878.

The defect here is apparent upon inspection. It was not necessary to plead it in abatement. When the defect is apparent of record, it may be taken advantage of by motion seasonably filed. *Chamberlain* v. *Lake*, 36 Maine, 388. *Mace* v. *Woodward*, 38 Maine, 426. Here the motion was filed within the time allowed for filing pleas in abatement.

*Exceptions overruled.*

WALTON, BARROWS, VIRGIN and LIBBEY, JJ., concurred.